IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Gregory Oristaglio<br>Deborah J. Oristaglio<br><br>           Debtors | | CHAPTER 13 |
| MidFirst Bank<br>           Movant<br>vs. | | NO. 17-12791 ELF |
| Gregory Oristaglio<br>Deborah J. Oristaglio<br>           Debtors | | 11 U.S.C. Section 362 |
| William C. Miller Esq.<br>           Trustee | | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$3,090.59** which breaks down as follows:

Post-Petition Payments:        May 2018 through July 2018 at $686.53/month
Fees & Costs Relating to Motion:  $1,031.00
**Total Post-Petition Arrears**    $3,090.59

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on August 1, 2018 and continuing through January 1, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$686.53** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$515.10 from August 2018 to December 2018 and $515.09 for January 2019** towards the arrearages on or before the last day of each month at the address below;

                        **MidFirst Bank**
                      999 Northwest Grand Boulevard
                        Oklahoma City, OK 73118

b). Maintenance of current monthly mortgage payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 19, 2018

By: /s/ Kevin G. McDonald, Esquire
Kevin G. McDonald, Esquire

Date: 7/20/18

Timothy Zearfoss, Esquire
Attorney for Debtors

Date: 7/24/18

/s/ LeRoy Etheridge
William C. Miller
Chapter 13 Trustee

NO OBJECTION
*without prejudice to any trustee rights or remedies.

**ORDER**

Approved by the Court this 26th day of July, 2018. However, the court retains discretion regarding entry of any further order.

_____
**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**